IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                             Nos. CR 19-3609 JB; CR 19-3611 JB

BOBBY PENA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the United States' Sentencing Memorandum, filed November 8, 2022 (Doc. 60 in Case No. CR 19-3609 JB)(Doc. 87 in Case No. CR 19-3611 JB)("U.S. Sentencing Memo."); and (ii) the Defendant's Sentencing Memorandum, filed November 9, 2022 (Doc. 61 in Case No. CR 19-3609 JB)(Doc. 88 in Case No. CR 19-3611 JB)("Pena Sentencing Memo."). The primary issue presented is whether Defendant Bobby Pena is entitled to a 2-level reduction of his offense level pursuant to section 2G2.2(b)(1) of the United States Sentencing Guidelines ("U.S.S.G." or "the Guidelines"). The Court concludes that Pena is entitled to a 2-level reduction of his offense level. Accordingly, his new Guideline imprisonment range is 63 to 78 months.

## RELEVANT PROCEDURAL BACKGROUND

On October 9, 2019, Plaintiff United States of America charged Pena with twenty-eight counts of violating 18 U.S.C. §§ 287 and 2(b) for allegedly making false claims against the United States, see Indictment, filed October 9, 2019 (Doc. 1 in Case No. CR 19-3609 JB), and one count of violating 18 U.S.C. §§ 2252A(a)(5)(B) and 2256 for allegedly possessing visual depictions of minors engaged in sexually explicit conduct, see Indictment, filed October 9, 2019 (Doc. 3 in Case

No. CR 19-3611 JB). On February 10, 2022, Pena pled guilty to all twenty-nine counts. See Plea Agreement at 2, filed February 10, 2022 (Doc. 45 in Case No. CR 19-3609 JB)(Doc. 71 in Case No. CR 19-3611 JB)("Plea Agreement"). In the Plea Agreement, the parties agreed, among other things, that Pena's "conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor; and the defendant did not intend to traffic in, or distribute, such material," such that he was eligible for a 2-level reduction of his offense level pursuant to U.S.S.G. § 2G2.2(b)(1). Plea Agreement at 8.

On June 28, 2022, the United States Probation Office ("USPO") filed the Presentence Investigation Report, filed June 28, 2022 (Doc. 55 in Case No. CR 19-3609 JB)(Doc. 82 in Case No. CR 19-3611 JB)("PSR"). In the PSR, the USPO asserts that Pena's offense level is 28. See PSR ¶ 58, at 11. The USPO explains that Pena's base offense level is 18, see PSR ¶ 42, at 10, but that his base level should be adjusted up 13 levels pursuant to U.S.S.G. §§ 2G2.2(b)(2), (b)(4), (b)(6), and (b)(7)(D), see PSR ¶¶ 43-50, at 10-11, and adjusted down 3 levels pursuant to U.S.S.G. §§ 3E1.1(a) and (b), see PSR ¶¶ 56-58, at 11. Notably, the USPO does not decrease Pena's offense level an additional 2 levels pursuant to U.S.S.G. § 2G2.2(b)(1). Having determined that Pena's offense level is 28 and his criminal history category is I, the USPO concludes that Pena's Guideline imprisonment range is 78 to 97 months. See PSR ¶ 81, at 17.

The United States and Pena then filed their sentencing memoranda. See generally U.S. Sentencing Memo.; Pena Sentencing Memo. In the U.S. Sentencing Memo., the United States notes that the USPO did not decrease Pena's offense level an additional 2 levels pursuant to U.S.S.G. § 2G2.2(b)(1). See U.S. Sentencing Memo. at 4. It avers that a 2-level reduction "is appropriate as the evidence did not point to any acts or trafficking or distribution of the [child sexual abuse material "(]CSAM[")]." U.S. Sentencing Memo. at 4. Pena agrees and asserts that

"an applicable two-level reduction should apply under USSG § 2G2.2(b)(1), as the offense involved only the possession of CSAM materials without the intent to traffic or distribute the materials." Pena Sentencing Memo. at 2. Neither party raises a formal objection to the PSR under rule 32(f) of the Federal Rules of Criminal Procedure.

## ANALYSIS

Rule 32 of the Federal Rules of Criminal Procedure governs sentencing and judgment. See Fed. R. Crim. P. 32. Rule 32(c)(1) establishes that the USPO "must conduct a presentence investigation and submit a report to the court before it imposes sentence . . . ." Fed. R. Crim. P. 32(c)(1). Rule 32(d) governs a PSR's form and content. See Fed. R. Crim. P. 32(d). Rule 32(f) permits the parties to object to a PSR. See Fed. R. Crim. P. 32(f). More specifically, it establishes that, "[w]ithin 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f)(1). Finally, rule 32(i)(3) establishes that the Court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3).

Here, neither party made an objection to the PSR under rule 32(f). Nevertheless, both parties disagree with the USPO's calculation of Pena's offense level and its decision not to reduce his offense level by 2 additional levels pursuant to U.S.S.G. § 2G2.2(b)(1). See U.S. Sentencing Memo. at 4; Pena Sentencing Memo. at 2. Accordingly, the Court construes the U.S. Sentencing Memo. and Pena Sentencing Memo. as raising an objection to the PSR on the grounds that the

USPO should have adjusted Pena's offense level down 2 additional levels pursuant to U.S.S.G. § 2G2.2(b)(1).[1]

The Court sustains the objection. Neither party challenges the sufficiency of the PSR's factual allegations. Accordingly, the Court accepts the PSR's factual allegations as true. See Fed. R. Crim. P. 32(i)(3). The PSR explains that law enforcement searched various electronic devices obtained at Pena's business, and found "58 videos of suspected child pornography . . . and 3,972 images of suspected child pornography" on those devices. PSR ¶¶ 24-26, at 7-8. The PSR does not indicate, however, that law enforcement identified any evidence that suggests that Pena intended to sell or otherwise distribute the CSAM that he possessed. Accordingly, Pena qualifies to have his offense level reduced by 2 levels pursuant to U.S.S.G. § 2G2.2(b)(1). The Court concludes that Pena's new offense level is 26. Given that Pena's offense level is 26 and his criminal history category is I, Pena's new Guideline imprisonment range is 63 to 78 months.

---

[1] The parties need to be mindful of their obligations under rule 32(f) moving forward for several reasons. First, failure to properly raise an objection is a violation of rule 32(f) of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P. 32(f). Second, failure to properly raise an objection flies in the face of a long-held practice in the District of New Mexico. Long ago, the Court, the United States Attorney's Office, and the Federal Public Defender's Office agreed that if there were objections, counsel first would talk to the USPO and see if they could work to address the objections independently. If the parties and the USPO could not work out an objection, then they could file an objection with the Court. The parties' failure to do so here violates that long-held practice. Finally, if the parties do not label their objections as objections, the Court's Courtroom Deputy cannot alert the Court that there is an objection. That happened here. Here, the Court's Courtroom Deputy could not identify the objection when she triaged the sentencing memoranda, because the parties buried the objection within their memoranda. Accordingly, she could not alert the Court that the parties had objected to the PSR, and the Court did not see that the parties had raised an objection until two days before the sentencing hearing: the Saturday of the Veterans Day long weekend. The Court had to work on the weekend to resolve the objection. Evidently, the USPO did not see the objection either because it did not prepare a response to it.

**IT IS ORDERED** that: (i) the parties' objection to the Presentence Investigation Report, filed June 28, 2022 (Doc. 55 in Case No. CR 19-3609 JB)(Doc. 82 in Case No. CR 19-3611 JB), is sustained; and (ii) Defendant Bobby Pena's new imprisonment range under the United States Sentencing Guidelines is 63 to 78 months.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Alexander M. M. Uballez
  United States Attorney
Sarah Jane Mease
Stephen A. White
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Christopher A. Dodd
Dodd Law Office, LLC
Albuquerque, New Mexico

        *Attorneys for the Defendant*